IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffery Joe,<br><br>    Plaintiff,<br><br>v.<br><br>Kershaw County Sheriff's Office; Kershaw County; Brad Lawson; and Justin Spivey,<br><br>    Defendants. | C/A No. 3:19-cv-00823-JFA-SVH<br><br>**ORDER** |

Plaintiff, Jeffrey Joe, brings this civil rights action pursuant to pursuant to 42 U.S.C. § 1983, asserting (1) a Fourth Amendment violation against Brad Lawson ("Lawson") and Justin Spivey ("Spivey") for use of excessive force during Plaintiff's arrest, (2) claims against Kershaw County Sheriff's Office ("KCSO") for battery pursuant to the South Carolina Tort Claims Act ("SCTCA"), and (3) claims for negligence and gross against KCSO and Kershaw County as it pertains to medical care rendered to Plaintiff, also pursuant to the SCTCA. After a period of discovery, all Defendants moved for summary judgment. (ECF No. 20). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), all pretrial proceedings, including the instant motion for summary judgment, were referred to the Magistrate Judge for initial review.

After reviewing the Motion for summary judgment and all relevant submissions, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 29). Within the Report, the Magistrate Judge recommends that Defendants' motion for summary judgment be denied in part and granted in part. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff and Defendants were advised of their right to object to the Report, which was entered on the docket on June 1, 2020. *Id.* The Magistrate Judge required objections, if any, to be filed by June 15, 2020. *Id.* None of the parties submitted any objections. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, each party has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

indicates that the Magistrate Judge correctly concluded that Defendants' motion for summary judgment should be denied in part and granted in part.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 29). Consequently, Defendants' motion is granted as to Plaintiff's claims for negligent hiring, supervision, training, and retention against KCSO, as well as claims for negligence and gross negligence against KCSO and Kershaw County. Defendants' motion is denied as to all other claims.

IT IS SO ORDERED.

June 17, 2020                                         Joseph F. Anderson, Jr.
Columbia, South Carolina                              United States District Judge